UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 17-252(DSD/FLN)

United States of America,

             Plaintiff,

v.                                                    **ORDER**

Lawrence Emmanuel Jackson,

             Defendant.


     Nathan Hoye Nelson, United States Attorney's Office, 300 S.
     Fourth Street, Minneapolis, MN 55415, counsel for plaintiff.

     Lisa M. Lopez, Office of the Federal Defender, 300 S. Fourth
     Street, Minneapolis, MN 55415, counsel for defendant.


     This matter is before the court upon the objections by the
parties to the February 27, 2018, report and recommendation (R&R)
of United States Magistrate Judge Franklin L. Noel.  Based on a
review of the file, record, and proceedings herein, and for the
following reasons, the court sustains the government's objection
and overrules defendant Lawrence Emmanuel Jackson's objection.


                         **BACKGROUND**

     The background of this matter is fully set forth in the R&R,
and the court incorporates those facts by reference.[1]  The
magistrate judge recommended that the court deny Jackson's first
motion to suppress evidence relating to the April 25, 2017, search

_____

     [1]  Neither party objects to the facts as set forth in the
R&R, only the application of those facts to the law.

of his home.  Neither party objects to that recommendation.  The magistrate judge also recommended that the court grant in part Jackson's second motion to suppress as follows:  (1) deny Jackson's request to suppress statements made to police officers on October 14, 2016; (2) grant Jackson's request to suppress statements made to police officers on April 25, 2017, after he invoked his right to counsel; and (3) deny Jackson's request to suppress evidence obtained as a result of statements, admissions, or answers made during the April 25, 2017, interview.  The government objects to the second recommendation and Jackson objects only to the third recommendation.

## DISCUSSION

The court reviews the report and recommendation of the magistrate judge de novo.  28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b); D. Minn. LR 72.2(b).

## I.  Government's Objection

The government objects to the R&R insofar as it recommends suppression of Jackson's April 25, 2017, statements made after he allegedly invoked his right to counsel.

A suspect subject to custodial interrogation has a right to the presence of counsel unless that right is knowingly and intelligently waived.  Miranda v. Arizona, 384 U.S. 436, 479 (1966).  Once a suspect unequivocally invokes his right to counsel,

interrogation must cease until counsel is present unless the defendant "initiates further communication, exchanges, or conversations with the police." Edwards v. Arizona, 451 U.S. 477, 485 (1981). In other words, not all direct questioning by law enforcement officials constitutes interrogation. The Eighth Circuit Court of Appeals "generally do[es] not find a mere factual statement to be an interrogation where it serves to inform the suspect as to the status of his case or the investigation into his activities." United States v. Hull, 419 F.3d 762, 767 (8th Cir. 2005); see also United States v. Wipf, 397 F.3d 677, 685 (8th Cir. 2005) (holding that the officer's statement that he wanted to tell defendant "the situation, and explain the charges against him," does not amount to custodial interrogation). Rather, direct questioning is interrogation only if it is "reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980). Whether an officer sought an incriminating response is determined "from the perspective of the suspect" and not by the officer's actual intent. United States v. Richardson, 427 F.3d 1128, 1132 (8th Cir. 2005) (rev'd on other grounds).

Here, there is no dispute that Jackson was given a Miranda warning, as required under the circumstances. Rather, the parties contest whether (1) Jackson unequivocally invoked his right to counsel, and (2) officers reinitiated interrogation after he did

so.

The relevant exchange between Jackson and the officers was as follows:

Jackson:        Ah, well, if I could get the lawyer, it would be cool because I'm not familiar with, you know the whole process and all that so I'd just rather be ... I mean, is there a way I could, cause I could afford one, but I just got to get prepared. Is there a way we could reschedule to talk and come in, I mean I'm not ...

Sgt. Benner:    Well I'm gonna book you into jail and then they will help you out with getting a lawyer.

Jackson:        Okay.

Sgt. Benner:    If that's how you want to do it.

Jackson:        Yeah ... I mean .... So what am I going to be booked for?

Sgt. Benner:    For assault with a deadly weapon

Jackson:        no assault ... no weapon, no deadly weapon ...

Sgt. Benner:    We have plenty of evidence that says your guns were involved in an assault. I have no doubt of it. I'm just trying to figure out who pulled the trigger. You seem like a nice man, I don't know [inaudible] but again if you'd like a lawyer the
questioning has to stop here ... and the conversation has to stop here.

Jackson:        I mean, I don't want to be sitting in no holding cell, I got work to do. And then are they gonna give me a bond and all that stuff?

Sgt. Benner:    I'm not sure what happens.

| | |
|---|---|
| <u>Jackson</u>: | Okay. |
| <u>Sgt. Benner</u>: | Want to sit here and think about it for a second? |
| <u>Jackson</u>: | Well, no – it's just I don't want to waste no time here, that's all. But then again, like I said, this is not familiar to me and I don't want to ... you know? |
| <u>Agent Gulick</u>: | That's a decision you have to make. .. |
| <u>Jackson</u>: | Right |
| <u>Agent Gulick</u>: | ... we can't give you advice one way or the other. |
| <u>Jackson</u>: | I know. yeah, I'm just trying to - think here. Let's just go on with it because I don't got shit to hide. |
| <u>Sgt. Benner</u>: | Go on with the interview? |
| <u>Jackson</u>: | Yeah, and then if at some point I don't feel comfortable ....? |
| <u>Sgt. Benner</u>: | At any point, yeah. So to be clear right now, you're waiving your right to a lawyer and at any time during this questioning you can ask for a lawyer and stop. |
| <u>Jackson</u>: | Yes. Yes. |
| <u>Sgt. Benner</u>: | Okay. I just don't want to make it seem like I'm forcing you into anything. |
| <u>Jackson</u>: | No, no, yeah, I understand man. I'm fully aware of what's going on. |

ECF No. 43, Ex. 5.[2]

Even assuming that Jackson unequivocally invoked his right to

---

[2] The court has reviewed the transcript and watched the video recording of the police interview.

counsel, which is debatable given his rambling statements regarding counsel, the officer did not violate Jackson's rights by saying "If that's how you want to do it." As set forth above, not all communications between officers and suspects - even if initiated by officers - constitute an interrogation. Rather, analysis centers on whether the officer's question is "reasonably likely to elicit an incriminating response from the suspect." Innis, 446 U.S. at 301. "[W]hether particular statements or practices amount to interrogation depends on the circumstances of each case, particularly whether the statements are objectively and reasonably likely to result in incriminating responses by the suspect, as well as the nature of the police statements and the context in which they are given." United States v. Allen, 247 F.3d 741, 765 (8th Cir. 2001) (vacated on other grounds).

Here, Benner's statement, even if construed as a question, was not likely to elicit an incriminating response by Jackson. He was simply confirming that Jackson wanted to secure counsel before proceeding. Benner's tone and body language was neutral and the overall tenor of the communication was conversational rather than inquisitorial. The court therefore cannot conclude that Benner's question constituted interrogation. Further, immediately after Benner's question, Jackson - not the officers - turned the conversation to a more substantive topic by asking what he would be booked for while he waited to meet with counsel. See United States

v. Crisolis-Gonzalez, 742 F.3d 830, 837 (8th Cir. 2014) ("[A]n officer's response to a defendant's question does not amount to an interrogation."). He then engaged officers in a discussion about the nature of the charges against him during which he wavered about whether he wanted to confer with counsel. Officers did not pressure him and instead commented that he could have time to think about it and that, if he chose to continue the interrogation, he could change his mind and request counsel at any time. Jackson ultimately decided to proceed with the interrogation and told officers he understood his rights. Under these circumstances, the officers' communications with Jackson after his initial request for counsel did not violate Miranda or Edwards. The government's objection is therefore sustained.

## II. Jackson's Objection

Jackson objects to the magistrate judge's recommendation that the court deny his motion to suppress evidence obtained as a result of statements, admissions, or answers made during the April 25, 2017, interview in violation of Miranda and Edwards. Because the court has concluded that the officers did not violate Jackson's rights, there is no basis on which to suppress the statements and evidence in question. Jackson's objection is overruled.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1.    The R&R [ECF No. 44] is adopted in part as set forth above;

2.    The government's objection to the report and recommendation [ECF No. 47] is sustained;

3.    Defendant's objection to the report and recommendation [ECF No. 48] is overruled; and

4.    Defendant's motions to suppress [ECF Nos. 22 and 23] are denied.


Dated: April 2, 2018

s/David S. Doty
David S. Doty, Judge
United States District Court